NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3236

ELENA A. LOUCKS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Elena A. Loucks, of San Diego, California, pro se.

Dana DeLorenzo, Attorney-Advisor, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3236

ELENA A. LOUCKS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF315H090170-I-1.

_____

DECIDED:  January 6, 2010

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Elena A. Loucks ("Loucks") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing her appeal of a decision of the Department of the Navy ("Navy"), which terminated Loucks from her position as a probationary employee. Loucks v. Dep't of the Navy, SF315H090170-I-1 (M.S.P.B. May 27, 2009) ("Final Decision").  Because the Board correctly determined that it lacked jurisdiction over Loucks's appeal, we affirm.

Loucks held a series of civilian positions within the Navy between 2000 and 2008, the most recent of which is at issue in this appeal.  She previously worked as a Food Service Worker, NA-2 (September 11, 2000 to May 20, 2001); a Recreational

Assistant, NF-2 (October 1, 2001 to November 1, 2002); a Sales Store Checker, GS-3 (November 4, 2002 to April 14, 2004); an untitled worker in the Navy Exchange Service Command Optical Shop (March 30, 3005 to April 4, 2005); and a Health Technician, GS-4 (November 27, 2006 to October 1, 2007). On November 26, 2007, she was hired as a Health Technician, GS-6, under a career-conditional appointment at the Navy Medical Center, San Diego, California. The appointment was subject to the completion of a one-year probationary period, beginning November 26, 2007. On November 18, 2008, before the probationary period was completed, Loucks was terminated due to inadequate performance.

On December 16, 2008, Loucks filed an appeal at the Board, challenging the Navy's termination of her most recent position as a Health Technician. The Board dismissed the appeal for lack of jurisdiction because she was a probationary employee at the time of her termination and was thus not an "employee" within the meaning of 5 U.S.C. § 7511(a)(1) (2006). Loucks v. Dep't of the Navy, SF315H090170-I-1 (M.S.P.B. Feb. 11, 2009) ("Initial Decision"). Under 5 U.S.C. § 7511(a)(1)(ii), a probationary employee must complete "1 year of current continuous service under other than a temporary appointment limited to 1 year or less" in order to qualify as an "employee" over whom the Board has jurisdiction. Under 5 C.F.R. § 315.802(b) (2009), a probationary employee's "[p]rior Federal civilian service . . . counts toward completion of probation when the prior service: (1) Is in the same agency, e.g., Department of the Army; (2) Is in the same line of work (determined by the employee's actual duties and responsibilities); and (3) Contains or is followed by no more than a single break in service that does not exceed 30 calendar days." Because Loucks had a break in

service of approximately 56 days before being hired for her most recent career-conditional appointment, the Board concluded that her prior service could not count towards the completion of the probationary period. <u>Initial Decision</u> at 7. Accordingly, the Board held that it lacked jurisdiction over her appeal. <u>Id.</u>

The Initial Decision became the Final Decision of the Board when the Board denied Loucks's petition for review. <u>Final Decision</u> at 1-2. Loucks then filed a timely petition for review by this court. We have jurisdiction over Loucks's petition pursuant to 28 U.S.C. § 1295(a)(9).

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." <u>Hayes v. Dep't of the Navy</u>, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Whether the Board has jurisdiction over an appeal is a question of law, which this Court reviews de novo. <u>Parrott v. Merit Sys. Prot. Bd.</u>, 519 F.3d 1328, 1334 (Fed. Cir. 2008). The appellant has the burden of establishing the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); <u>Garcia v. Dep't of Homeland Sec.</u>, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc).

On appeal, Loucks argues that the Board misapplied 5 C.F.R. § 315.802. She contends that she has already served the one-year probationary period, which she measures "from 10-01-2001 to 11-01-2002" and "until 04-14-2004 for [a] total of 2 years and 6 months." Petr.'s Informal Br. ¶ 7. By citing these periods, Loucks apparently refers to her previous positions as a Recreational Assistant (October 1, 2001 to November 1, 2002) and Sales Store Checker (November 4, 2002 to April 14, 2004).

But even if these positions could somehow be considered to involve "the same line of work" as her Health Technician position for purposes of the second prong of 5 C.F.R. § 315.802(b), her previous positions would still not count towards the completion of her later probationary period because they ended more than 30 calendar days before she was hired for the Health Technician position. Because her previous employment fails to satisfy the third prong of 5 C.F.R. § 315.802(b), her probationary period remained uncompleted at the time of her termination, and the Board lacked jurisdiction over her appeal.

For the foregoing reasons, the decision of the Board is <u>affirmed</u>.

## COSTS

No costs.